IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CR-126-1 (1)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | INDICTMENT |
| | ) | |
| KEYONA TENEA SHEARS, | ) | |
| a/k/a Amina Amatullah | ) | |

The Grand Jury charges:

### COUNT ONE

1. On or about March 19, 2014, defendant KEYONA TENEA SHEARS, also known as "Amina Amatullah," did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations in a matter involving international terrorism within the jurisdiction of the executive branch of the Government of the United States, and which statements and representations were material to investigations in the Eastern District of North Carolina conducted by the Federal Bureau of Investigation.

2. Specifically, during an interview with agents of the Federal Bureau of Investigation in Charlotte, North Carolina, KEYONA TENEA SHEARS stated that Avin Brown had never expressed an interest in going overseas to fight.

3. These statements and representations were false because, as KEYONA TENEA SHEARS then and there knew, between September 2013 and March 2014, she had multiple conversations with Avin Brown in which he expressed a desire to travel overseas to fight; for example, the following January 2014 text conversations in which:

   a. KEYONA TENEA SHEARS questioned Avin Brown, "Do all your bros love jihad" to which Avin Brown responded that "Only 2 really like it and wish to fight too. I keep a tight circle."

   b. Avin Brown stated that he was saving money to travel in March, and KEYONA TENEA SHEARS told Avin Brown, "I would sacrifice marrying you if it got you to jihad quicker," and "I want you to answer your obligation..." to which Avin Brown replied, "I want to die in my first battle." KEYONA TENEA SHEARS responded, "I'd throw you over to Syria if I had the strength, but that doesn't mean I wouldn't be bawlin' while I'm doing it."

   c. KEYONA TENEA SHEARS asked BROWN, "Can you at least let me know that you got over there safely and have someone inform me if you are martyred?"

All in violation of Title 18, United States Code, Section 1001(a)(2).

2

## COUNT TWO

1. On or about March 19, 2014, defendant KEYONA TENEA SHEARS, also known as "Amina Amatullah," did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations in a matter involving international terrorism within the jurisdiction of the executive branch of the Government of the United States, and which statements and representations were material to investigations in the Eastern District of North Carolina conducted by the Federal Bureau of Investigation.

2. Specifically, during an interview with agents of the Federal Bureau of Investigation in Charlotte, North Carolina, KEYONA TENEA SHEARS stated that she had not reached out to provide help or money to overseas organizations.

3. These statements and representations were false because, as KEYONA TENEA SHEARS then and there knew:

   a. On or about September 24, 2013, SHEARS transferred United States currency via Paypal to Person #1 whom she believed to be a representative of Al-Qaeda in the Arabian Peninsula (AQAP) located in Yemen. Within the transaction, SHEARS included this message: "I am a friend of Musa. In sha Allah my brothers benefit from this donation and in sha Allah this can be reoccurring. May Allah bless you."

3

Case 5:14-cr-00126-FL   Document 1   Filed 06/25/14   Page 3 of 4

b. On or about October 4, 2013, SHEARS sent an email to Person #2 and stated that she goes by "Amina Amatullah" and that a brother she knows is friends with a brother in Yemen who suggested they communicate. Person #2 thanked SHEARS for "sending the money for yourself and Musa," and questioned, "Do you want the money to go to the brothers of AQAP or their widows or both?"

c. On or about November 24, 2013, SHEARS replied to Person #2, "I would like for the donation to be split between the brothers and the widows."

All in violation of Title 18, United States Code, Section 1001(a)(2).

A TRUE BILL

**REDACTED VERSION** Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

FOREPERSON

DATE 6/24/14

THOMAS G. WALKER
United States Attorney

BY: JASON M. KELLHOFER
Assistant United States Attorney
Criminal Division

4