IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CR-126-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| KEYONA TENEA SHEARS. | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for early termination of supervised release, (DE 67). The government did not respond to the motion and in this posture the issues raised are ripe for ruling. For the following reasons, the court denies the motion.

## BACKGROUND

On June 18, 2015, defendant pleaded guilty pursuant to a written plea agreement to one count of making materially false statements, in violation of 18 U.S.C. § 1001(a)(2). On January 6, 2016, the court held defendant's sentencing hearing. After consideration of the advisory sentencing guidelines, the findings of a presentence investigation report, and the factors set forth in 18 U.S.C. § 3553(a), the court sentenced defendant to 18 months' imprisonment, and 3 years' supervised release. On June 13, 2017, defendant was released from imprisonment and began serving her term of supervised release.

Defendant filed the instant motion seeking early termination of supervised release on November 21, 2019. Defendant seeks early termination of supervised release because she has complied with all conditions of supervision, received two work promotions, and volunteered as a mentor to young women. Defendant also submitted three character letters attesting to her accomplishments while on supervision, devotion to her family and friends, and similar positive

character traits. The United States Probation Office confirms defendant has been compliant with all terms of supervised release.

## COURT'S DISCUSSION

The court may terminate a term of supervised release at any time after expiration of one year of supervised release, "if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice" and after consideration of the relevant factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e)(1). "The phrase 'the interest of justice' does give the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period." United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999).

Here, defendant was convicted of making materially false statements in connection with a terrorism investigation. The court finds the nature and circumstances of defendant's offense reflects a need for ongoing supervision that outweighs defendant's clear conduct and other accomplishments while on supervision. Defendant also has not shown that supervision hinders rather than facilies her rehabilitation. Accordingly, the interests of justice do not support early termination of supervised release.

The court, however, commends defendant for her record of achievement while on supervision, as reflected in the instant motion and the character letters attached thereto. Defendant has complied with all conditions of supervision, maintained steady employment, served as a mentor to young women, and assisted family members in need. Defendant's reported performance on supervised release is consistent with the court's expectations at time of sentencing.

## CONCLUSION

Based on the foregoing, the court DENIES defendant's motion for early termination of supervised release, (DE 67).

SO ORDERED, this the 2nd day of January, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge